# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  **v.**                                                **Case No. 11-CR-82**

**RAYMUNDO FEDERICO**
    **Defendant.**

## ORDER

Defendant Raymundo Federico moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which allows the court to modify a prison term that is based on a guideline range subsequently lowered by the Sentencing Commission. Defendant pleaded guilty to conspiracy to distribute marijuana, and at his November 2, 2012, sentencing hearing I adopted the guideline calculations in the pre-sentence report: base offense level 30 (drug weight 700-1000 kg of marijuana), U.S.S.G. § 2D1.1(c)(5) (2012), minus 3 levels for acceptance of responsibility, U.S.S.G. § 3E1.1, for a final offense level of 27; criminal history III; and imprisonment range 87-108 months. Based on my review of the 18 U.S.C. § 3553(a) factors, I imposed a sentence of 30 months running consecutively to a sentence imposed in the Western District of Texas.

In the instant motion, defendant relies on Amendment 782, which lowers the base offense level for cases involving 700 to 1000 kilograms of marijuana from 30 to 28. U.S.S.G. § 2D1.1(c)(6) (2014). Using this base level, defendant's range drops to 70-87 months. Defendant's existing sentence is already below this range, and the court may not (except in cases of substantial assistance) lower the sentence to less than the minimum of the amended guideline range. U.S.S.G. § 1B1.10(b)(2).

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 82) is **DENIED**.[1]

Dated at Milwaukee, Wisconsin, this 29th day of September, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[1] Federal Defender Services, appointed to represent prisoners who might be eligible for relief under Amendment 782, reviewed the matter and declined to file anything on defendant's behalf. (R. 84.)